**Nicholas MONTGOMERY, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 23, 2002.
Decided Oct. 17, 2002.

---

William E. Moore, Lansdale, for petitioner.

Tara L. Patterson, Harrisburg, for respondent.

Before FRIEDMAN, J., LEADBETTER, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Judge FRIEDMAN.

Nicholas Montgomery (Montgomery) petitions for review of the March 27, 2002, order of the Pennsylvania Board of Probation and Parole (Board), which denied Montgomery's administrative appeal, wherein Montgomery argued that he received an untimely parole revocation hearing. We affirm.

Montgomery was released on parole on April 6, 2000, from the State Correctional Institution at Waynesburg (SCI–Waynesburg). (R.R. at 8, 10, 11, 15.) Condition No. 1 of the conditions governing Montgomery's parole stated that Montgomery could not leave the parole district without permission. (R.R. at 9.) On November 15, 2000, Montgomery was a passenger in an automobile driven by Michael McCorriston in Bensalem, Bucks County. (R.R. at 11, 15.) When Montgomery's parole agent became aware that Montgomery was outside the parole district without permission, the Board issued a detainer, held a violation hearing and issued a decision to recommit Montgomery as a technical parole violator (TPV) to serve twelve months backtime. (R.R. at 11–13, 21, 34, 48.)

While serving his TPV backtime, the district attorney filed charges against Montgomery. (R.R. at 71, 89.) On May 14, 2001, the court of common pleas found Montgomery guilty of "unsworn falsification to authorities" at a non-jury trial and sentenced him to nine to twenty-three months in the Bucks County jail, consecutive to his TPV backtime. (R.R. at 15, 69, 71, 84.) On June 7, 2001, the county re-

turned Montgomery to SCI–Waynesburg. (R.R. at 52, 79, 99; C.R. at 95.)

On November 5, 2001, Montgomery's parole agent reviewed the parole file at SCI–Waynesburg in preparation for Montgomery's scheduled interview with the Board on November 8, 2001. (R.R. at 37, 67.) The parole agent discovered the May 14, 2001, conviction and sent an email to Board staff asking whether the Board was aware of the conviction. (R.R. at 37–38, 67.) On November 8, 2001, the parole agent received an email in response verifying that Montgomery did have a new conviction and stating that the Board would be sending a warrant and scheduling a revocation hearing. (R.R. at 38, 67.)

The Board received official verification[1] of the conviction on December 3, 2001, and, on that same day, scheduled a revocation hearing for January 7, 2002. (R.R. at 15, 19.) At the hearing, Montgomery objected to the timeliness of the hearing, but the hearing examiner overruled the objection. (R.R. at 22, 32.) On February 19, 2002, the Board recommitted Montgomery as a convicted parole violator to serve three months backtime. (R.R. at 92.) Montgomery filed an administrative appeal, which the Board denied in a decision mailed on March 27, 2002. Montgomery now petitions this court for review of the Board's decision.[2]

▇▇ Montgomery argues that the Board erred in concluding that Montgomery received a timely revocation hearing. Montgomery claims that, when he was convicted on May 14, 2001, he was outside the jurisdiction of the Department; thus, the Board was required to hold his revocation hearing within 120 days of official verification of his return to SCI–Waynesburg, not within 120 days of official verification of his conviction. We disagree.

▇▇ Where a parolee asserts that the Board held a revocation hearing beyond the 120–day period, the Board bears the burden of proving, by a preponderance of the evidence, that the hearing was timely. *Taylor v. Pennsylvania Board of Probation and Parole*, 154 Pa.Cmwlth. 462, 624 A.2d 225 (1993). The Board's regulation at 37 Pa.Code § 71.4(1) provides:

> A revocation hearing shall be held within 120 days from the date the Board received official verification of the ... guilty verdict at the highest trial court level *except as follows:*
>
> (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as ... confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel ... the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

37 Pa.Code § 71.4(1) (emphasis added). In other words, "[w]hen a convicted parolee is confined outside the jurisdiction of the Department and then is returned to it, the official verification *of return* triggers the 120 day period, even if official verification *of conviction* has not yet been received." *Taylor*, 624 A.2d at 228 (emphasis in original).

1. "Official verification" is defined as "Actual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa.Code § 61.1.

2. Our scope of review of a Board order is limited to determining whether there was a constitutional violation or an error of law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Here, although Montgomery was moved from SCI–Waynesburg to the Bucks County jail for a non-jury trial on new criminal charges, Montgomery at all times was serving his TPV backtime within the jurisdiction of the Department. The county was not holding Montgomery pending disposition of his non-jury trial; indeed, the county returned Montgomery to SCI–Waynesburg after the trial. The county had no reason to confine Montgomery until the court of common pleas imposed the county sentence on May 14, 2001. Even then, the county sentence was to be served consecutive with Montgomery's TPV backtime. Thus, the court of common pleas issued a detainer with the Department, so that, upon completion of his backtime, Montgomery would be detained to serve his county sentence. Inasmuch as Montgomery was not confined outside the jurisdiction of the Department, the exception in 37 Pa.Code 71.4(1)(i) does not apply here.

Applying the general rule set forth in 37 Pa.Code § 71.4(1), the Board received official verification of Montgomery's May 14, 2001, conviction on December 3, 2001. Because Montgomery's January 7, 2002, revocation hearing was within 120 days of December 3, 2001, it was a timely hearing.

Accordingly, we affirm.

### ORDER

AND NOW, this 17th day of October, 2002, the order of the Pennsylvania Board of Probation and Parole, dated March 27, 2002, is hereby affirmed.