# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nicholas Lebotesis, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 638 C.D. 2016 |
| | : | Submitted: December 9, 2016 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE JULIA K. HEARTHWAY, Judge
                    HONORABLE JOSEPH M. COSGROVE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE SIMPSON                              FILED: April 5, 2017

Nicholas Lebotesis (Inmate) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order recommitting him as a convicted parole violator to serve 30 months' backtime. The Board received official verification of Inmate's December 2014 robbery conviction in June 2015. Following a continuance requested by Inmate, the Board scheduled a revocation hearing for July 23, 2015, which the Board determined to be within the 120-day period from receipt of official verification of conviction as specified in 31 Pa. Code §71.4(1). Nonetheless, Inmate contends, given the circumstances of this case, the Board erred in finding that his revocation hearing was timely given the requirement in 31 Pa. Code §71.4(1)(i) that a revocation hearing be held within 120 days of a parolee's *return to a state correctional facility*. For the reasons that follow, we affirm.

# I. Background

Following his convictions for multiple counts of burglary and theft, the Delaware County Common Pleas Court sentenced Inmate to state prison for a term of 8 years, 3 months to 24 years. Inmate's original state sentence had a minimum date of September 12, 2004, and a maximum date of June 12, 2020. Certified Record (C.R.) at 2.

In August 2005, the Board conditionally paroled Inmate. Prior to his release on parole, Inmate, without objection, signed a list of conditions governing his parole, which included the following:

> If you are convicted of a crime committed on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 14,15.

Thereafter, Inmate was convicted of new criminal charges. In January 2007, the Board recommitted Inmate as a convicted parole violator. In September 2007, the Board re-paroled Inmate subject to the same conditions. Again, Inmate agreed to the conditions.

In August 2012, the Board again recommitted Inmate as a convicted parole violator following his conviction on new charges. He received a new state sentence. The Board paroled Inmate from his original state sentence for a third

2

time in December 2013 subject to the same conditions. He again agreed to the conditions.

On January 29, 2014, the Philadelphia Police Department arrested Inmate based on a report he entered a bank and demanded money from a bank teller. The police charged Inmate with several felonies and misdemeanors including robbery with threat of immediate serious injury (F-1), theft by unlawful taking (F-3) and terroristic threats (M-1). The Board lodged a detainer warrant the same day.

Although the trial court initially set bail at $100,000, the court later modified Inmate's bail from monetary to ROR (release on own recognizance). C.R. at 154. On March 13, 2014, Inmate returned to SCI-Graterford.

On December 18, 2014, Inmate pled guilty to robbery (F-1). The same day, a Philadelphia County Common Pleas Court entered another state sentence, ordering Inmate to serve from 2 to 8 years for the new robbery conviction.

In April 2015, the Board issued Inmate notice of charges and intent to hold a revocation hearing on June 19, 2015. See C.R. at 226, 232. At Inmate's request to secure counsel, the Board continued the hearing until July 23, 2015. C.R. at 239. Ultimately, Inmate's counsel objected to the timeliness of the revocation hearing, noting Inmate, convicted in December 2014, did not receive a revocation hearing until July 2015.

At the hearing, Parole Agent Melissa Nelson (Parole Agent) testified that she received official verification of Inmate's Philadelphia County conviction on June 8, 2015. See Bd. Revocation Hr'g, 7/23/15, Notes of Testimony (N.T.) at 8; C.R. at 259. Parole Agent explained that the Board started the process of requesting the official proof of conviction from Philadelphia County on January 12, 2015. N.T. at 7-8; C.R. at 258-59. Parole Agent further explained that she primarily works in Delaware County, which follows a different procedure with respect to handling requests for proof of conviction. N.T. at 12; C.R. at 263. Unlike Delaware County, where a parole agent may request a file and order a sentencing sheet, Philadelphia County requires that a request for proof of conviction be emailed. Id. Although Parole Agent made frequent email requests, it took six months to obtain proof of Inmate's conviction. N.T. at 12-13; C.R. at 263-64. Parole Agent also submitted copies of her emails into evidence. See State's Ex. #1; Supplemental Certified Record (S.C.R.) at Item #1.

Following the hearing, the Board overruled Inmate's timeliness objection and voted to recommit him as a convicted parole violator based on the robbery conviction. See Panel Hr'g Report, C.R. at 243-51. In particular, the Board noted the delay in obtaining the verification of Inmate's conviction was attributable to the administrative process. C.R. at 251. In November 2015, the Board issued an order recommitting Inmate to serve 30 months' backtime as a convicted parole violator. C.R. at 291.

Thereafter, Inmate filed a timely administrative appeal alleging the Board erred in revoking Inmate's parole because it did not provide him with a

4

timely revocation hearing.  See C.R. at 307-08.  In particular, Inmate averred the six-month delay between his sentencing and the Board's verification of his conviction constituted an unreasonable and unjustifiable delay.  Id.  To that end, Inmate averred he obtained verification of his conviction within days of requesting it from the Philadelphia County Common Pleas Court.  Id.

In March 2016, the Board issued a decision denying Inmate's administrative appeal.  C.R. at 312.  In its decision, the Board noted the revocation hearing was timely under 37 Pa. Code §71.4(1), which requires that the Board hold a revocation hearing within 120 days of receipt of official verification of conviction.  Id.  Significantly, the Board stated:  "Because [Inmate] was returned to the jurisdiction of the Pennsylvania Department of Corrections [DOC] prior to conviction, the Board was required to hold the revocation hearing within 120 days of the date official verification of the conviction was received."  Id. (emphasis added).

As a further response, the Board reasoned that the delay in obtaining official verification was not unreasonable given the explanation provided at the hearing.  Id.   Inmate petitions for review.[1]

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa C.S. §704; Adams v. Pa. Bd. of Prob. & Parole, 885 A.2d 1121 (Pa. Cmwlth. 2005).

## II. Discussion

### A. Argument

Inmate contends the Board erred in determining it afforded him a timely revocation hearing where the Board's six-month delay in obtaining official verification of his December 2014 robbery conviction was neither reasonable nor justifiable. Although it took the Board 172 days from the date of his sentence, Inmate asserts the DOC, State Correctional Institution at Forest (SCI-Forest), indicated it received the paperwork for his new sentence in February 2015. Also, Inmate claims he obtained verification from the Philadelphia sentencing court within days of his request.

Board regulations setting forth the procedures to be followed in recommitting a parolee as a convicted parole violator relevantly provide:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:
>
> (i) <u>If a parolee is confined outside the jurisdiction of the [DOC], such as</u> confinement out-of-State, confinement in a Federal correctional institution or <u>confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, [314 A.2d 842 (Pa. 1973)], the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a state correctional facility</u>.

37 Pa. Code §71.4(1)(i) (emphasis by underline added).

Here, Inmate argues the facts in his case are similar to those in Taylor v. Pennsylvania Board of Probation and Parole, 624 A.2d 225 (Pa. Cmwlth. 1993). In Taylor, the petitioner (Taylor) was returned to a correctional facility on the same date he was convicted. Taylor argued the 120-day period for holding his revocation hearing should have begun to run on the date of his return to state custody as specified in 37 Pa. Code §71.4(1)(i). The Board countered that the 120-day period is triggered by official verification of conviction as defined in 37 Pa. Code §61.1 (official verification defined as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted.") In Taylor, this Court reasoned:

> In our view, Taylor is correct. Section 71.4(1) provides the general rule that the revocation hearing must be provided within 120 days of the receipt of 'official verification' *of the conviction*. That rule is limited however, by the exception set forth in subparagraph (i). The exception provides that where the parolee is confined outside of the jurisdiction of [DOC], such as confinement in a county institution, the hearing shall be held within 120 days of the 'official verification *of the return of the parolee to a State correctional facility*.' (Emphasis added). Official verification of return is a different matter than official verification of conviction. … We have acknowledged that §71.4(1)(i) 'is based on the well-established principle that the 120-day period does not begin to run until the Board acquires jurisdiction over the parolee.' [Williams v. Pa. Bd. of Prob. & Parole, 579 A.2d 1369, 1371 (Pa. Cmwlth. 1990)].

> However, the plain language of subparagraph (i) also conforms to Taylor's position. When a convicted parolee is confined outside the jurisdiction of the [DOC] and then is returned to it, the official verification of *return* triggers the 120-day period, even if official

7

verification of conviction has not yet been received. This provision places a reasonable burden on the Board to begin the process of scheduling a revocation hearing when state authorities assume custody of a parolee ….

Taylor, 624 A.2d at 227-28 (emphasis by underline added).

Ultimately, the revocation hearing in Taylor was held 319 days after the date acknowledged by the Board as the date of return, and 199 days beyond the 120-day period in 37 Pa. Code §71.4(1)(ii). See Taylor, 624 A.2d at 229.

With respect to this delay, we further stated in Taylor:

The only explanation offered by the Board for this delay is contained in the Board's denial of administrative relief and in its brief to this court – the Board considered the 120-day period not to be triggered until the time of official verification *of the conviction*. As a matter of law, the clock was already ticking. The Board offers no evidence or argument that might constitute adequate justification or excuse for the delay as calculated from the time of the correct triggering event – the return of Taylor to [DOC's] jurisdiction. Because the burden is on the Board in this case to show that the revocation hearing was timely, and it has not done so, we must reverse.

Id. (emphasis by underline added, citation omitted).

Here, Inmate asserts, he was returned to DOC's custody on December 18, 2014, the date of his conviction. However, the Board did not schedule a revocation hearing until June 19, 2015, 183 days after Inmate's return to DOC custody. Thus, Inmate requests that we declare his revocation hearing untimely under Taylor. Where the Board fails to meet its burden of establishing the

8

timeliness of a revocation hearing, the appropriate remedy is dismissal, with prejudice, of the parole violation charges. <u>Mack v. Pa. Bd. of Prob. & Parole</u>, 654 A.2d 129 (Pa. Cmwlth. 1995).

Alternatively, Inmate argues, even assuming we conclude that the Board's receipt of official verification of conviction is the determinative factor, the Court should still determine that Inmate's revocation hearing was untimely because the Board's delay in obtaining that verification was unreasonable and unjustified. <u>See</u> <u>McDonald v. Pa. Bd. of Prob. & Parole</u>, 673 A.2d 27 (Pa. Cmwlth. 1996) (a delay of more than nine months from parolee's return to DOC custody to his revocation hearing, which is not attributable to the parolee or his counsel, and for which the Board offers no explanation, requires dismissal of the parole violation charges).

Here, Inmate argues, the circumstances likewise merit a determination that the revocation hearing was untimely, and he seeks dismissal of the Board's parole violation charges. The circumstances include a 172-day delay between Inmate's sentencing and return to DOC custody on December 18, 2014, and Parole Agent's receipt of official verification of Inmate's conviction on June 8, 2015. Again, Inmate asserts he was able to obtain verification of his conviction from the Philadelphia County Common Pleas Court within days of his request. <u>See</u> Supplemental Reproduced Record (S.R.R.) at 6b-10b.

In response, the Board contends Inmate was actually returned to DOC custody on May 13, 2014, when he was transferred from the Philadelphia County

9

Prison to SCI-Graterford.  See C.R. at 295.  Even if Inmate was transferred back to Philadelphia County for disposition of his pending trial proceedings, he nevertheless remained under DOC's jurisdiction.  Montgomery v. Pa. Bd. of Prob. & Parole, 808 A.2d 999 (Pa. Cmwlth. 2002).  Therefore, the Board asserts, because Inmate remained in DOC's custody, the exception in 37 Pa. Code §71.4(1)(i) does not apply here.

Consequently, the Board maintains, the timeframe between the date of Inmate's December 2014 conviction and the scheduled June 2015 revocation hearing is not the standard for determining whether a revocation hearing is untimely under 37 Pa. Code §71.4(1).  Rather, under these circumstances, the revocation hearing must be conducted within 120 days of official verification of conviction.  Id.; see Lawson v. Pa. Bd. of Prob. & Parole, 977 A.2d 85 (Pa. Cmwlth. 2010) (Section 71.4(1) does not place a burden on the Board to prove that it exercised due diligence in obtaining official verification of a parolee's new conviction; all that is required for a timely revocation hearing is that it be held within 120 days of the date the Board received official verification of the parolee's new conviction).  Therefore, the Board asserts it complied with 37 Pa. Code §71.4(1), and Inmate's revocation hearing was timely.

**B. Analysis**

To begin our analysis, we recognize that when a parolee asserts that the Board held a revocation hearing beyond the 120-day period in 37 Pa. Code §71.4, the Board bears the burden of proving the timeliness of the hearing by a preponderance of the evidence.  Vanderpool v. Pa. Bd. of Prob. & Parole, 874 A.2d

1280 (Pa. Cmwlth. 2005). In reviewing Inmate's claim that the exception in 37 Pa. Code §71.4(1)(i), rather than the general rule in 37 Pa. Code §71.4(1) applies here, we must determine the dates critical to the parties' respective positions.

While on re-parole, Philadelphia police arrested Inmate on January 29, 2014 after he entered a bank and demanded money from a teller. C.R. at 144. The police charged Inmate with robbery, a first-degree felony, and other offenses. C.R. at 154.

Although initially detained in the Philadelphia County Prison on January 29, 2014, Inmate was transferred to SCI-Graterford on March 18, 2014 after the trial court reduced his bail to ROR. C.R. at 295. On May 13, 2014, Inmate was transferred from SCI-Graterford to the Philadelphia County Prison and then back to SCI-Graterford the same day. Id. At the revocation hearing, Inmate acknowledged he went back to state prison on March 18, 2014. N.T. at 32; C.R. 283. Thereafter, he was transferred back and forth to Delaware County for three months on separate criminal charges not relevant to this appeal.[2] Id.

More importantly, it appears from our review of the certified record that Inmate was in the primary custody of DOC prior to December 18, 2014, the date of his robbery conviction, and he remained in DOC custody thereafter. C.R. at 295. Even assuming Inmate was transferred back and forth to the Philadelphia

---

[2] The 2014 Delaware County charges were based on allegations that Inmate stole money and a car from his parents. Inmate eventually pled guilty to disorderly conduct, a summary offense and was *not* recommitted on that offense. See C.R. at 148; Resp.'s Br. at 9, n.1.

11

County Prison for disposition of his pending trial proceedings, he nevertheless remained under DOC's jurisdiction.  Montgomery.  Indeed, at all relevant times Inmate was serving state sentences, and he identifies no sentence he served during this time outside DOC's jurisdiction.  See id.  Therefore, based on our review of the record and the applicable law, we disagree with Inmate's contention that he was not returned to DOC custody until December 18, 2015.  Lawson; Vanderpool; Montgomery.

Accordingly, we must reject Inmate's argument that the exception in 37 Pa. Code §71.4(1)(i), which requires that a revocation hearing be held within 120 days of the official verification of the parolee's *return to a state correctional facility*, applies here.  In short, because Inmate was in DOC custody prior to his December 2014 robbery conviction, his revocation hearing, held within 120 days of the Board's June 8, 2015, receipt of official verification of his conviction, was timely.  37 Pa. Code §71.4(1); Lawson.

Moreover, as noted above, the record reflects that Parole Agent actively pursued official verification of Inmate's conviction beginning in January 2015, less than a month after Inmate's conviction.  Parole Agent's testimony is substantial evidence to support the Board's determination that any delay in obtaining the official verification of Inmate's conviction was attributable to the administrative process.  Such evidence justifies the delay.

12

Discerning no error in the Board's order denying Inmate's administrative appeal, we affirm.


_____
ROBERT SIMPSON, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Lebotesis,                          :
                    Petitioner               :
                                             :
          v.                                 :     No. 638 C.D. 2016
                                             :
Pennsylvania Board of Probation              :
and Parole,                                  :
                    Respondent               :

# **O R D E R**

AND NOW, this 5th day of April, 2017, for the reasons stated in the foregoing opinion, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

 

 

_____
ROBERT SIMPSON, Judge

Nicholas Lebotesis,           :
        Petitioner       :
                            :
      v.                 :
                            :
Pennsylvania Board of       :
Probation and Parole,       :   No.  638 C.D. 2016
        Respondent     :   Submitted: December 9, 2016

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE           FILED:  April 5, 2017

The Majority rests its decision on a finding that Mr. Lebotesis remained in Department of Corrections (DOC) custody throughout the time relevant to this matter.  As such, the Majority opines, the Board was only required, under *Montgomery v. Pennsylvania Board of Probation and Parole*, 808 A.2d 999 (Pa. Cmwlth. 2002), to hold the revocation hearing within 120 days of "receipt of official verification of  [Lebotesis'] conviction..." *See Majority Opinion,* slip op. at 12.

As I believe this decision ignores the requirement that in revocation proceedings any delay in obtaining that "verification" must be reasonable and

justified, *McDonald v. Pennsylvania Board of Probation and Parole*, 673 A.2d 27 (Pa. Cmwlth. 1996), I must dissent.

The Majority's refusal to apply these principles is based on its determination that Mr. Lebotesis remained in DOC custody and thus was not afforded the benefit of the exceptions found in 37 Pa. Code § 71.4(1). This, however, does not negate our duty to examine the circumstances under which the Board acted and decide whether its actions were "reasonable and justified."

In this case, the Parole Agent testified that in seeking official proof of conviction from Philadelphia County, she had to follow a different procedure than that employed in Delaware County, where she works primarily. (Certified Record (C.R.) at 263-264.) She further testified that despite several attempts, beginning on January 12, 2015, she did not receive this official notification until June 8, 2015. (C.R. at 259.) Although the State Correctional Institution at Forest (SCI-Forest) received this information sometime in February of 2015, and Mr. Lebotesis indicated that "he was able to obtain verification of his conviction ... within days of his request," (C.R. at 6b-10b), the Board attributed the delay in its receipt of the information to "the administrative process." (C.R. at 251.)

There can be no doubt that administrative delay which is unreasonable and unjustified, regardless of which regulatory provision is at issue, implicates significant due process concerns. *See Williams v. Pennsylvania Board of Probation and Parole*, 579 A.2d 1369 (Pa. Cmwlth. 1990). As the Board's answer

flouts these due process requirements, or at least leaves them vulnerable, I cannot agree with the Majority. As such, I must dissent.


_____
JOSEPH M. COSGROVE, Judge