IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frederick Leonard,                  :
         Petitioner        :
                          :
     v.                    :    No. 641 C.D. 2024
                          :
Pennsylvania Parole Board,    :    Submitted: May 6, 2025
         Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: June 18, 2025

Frederick Leonard (Petitioner), by counsel, petitions this Court for review of a decision of the Pennsylvania Parole Board (Board) mailed May 13, 2024. Therein, the Board denied Petitioner's request for administrative relief from the Board's prior decision mailed September 21, 2023, which revoked Petitioner's parole and recommitted him as a convicted parole violator. In this Court, Petitioner challenges the timeliness of his parole revocation hearing.

Upon review, we reverse and dismiss Petitioner's parole violation charges with prejudice.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The pertinent facts of this case largely are undisputed and may be summarized as follows. Petitioner currently is an inmate at State Correctional Institution (SCI) - Benner Township. After his conviction in 2017 of several drug-related offenses, Petitioner was sentenced to a state term of incarceration of two years, nine months to five years, six months. He subsequently was released on parole on September 21, 2021. On May 17, 2022, the Board declared Petitioner delinquent as of

May 10, 2022, and issued a warrant to commit and detain. The next day, May 18, 2022, Petitioner turned himself in to the Wilkes-Barre Police Department and was charged with aggravated assault and related charges. On May 19, 2022, after his preliminary arraignment, Petitioner was released on unsecured bail and recommitted to the Department of Corrections (DOC) on the Board's warrant.

On February 16, 2023, after a jury trial in Luzerne County, Petitioner was convicted of misdemeanor simple assault and summary harassment, immediately after which his county bail was revoked. The Board received official verification of the conviction the same day. On February 22, 2023, a parole agent from the Board visited Petitioner at the Luzerne County Prison, at which time Petitioner declined to waive his right to a panel revocation hearing. At some point thereafter, the timing of which is disputed by the parties,[1] Petitioner returned to the custody of the DOC to await sentencing. On June 7, 2023, Petitioner was transported back to Luzerne County for sentencing on June 12, 2023, at which time he was sentenced to a state sentence of 12 to 24 months on the simple assault conviction and 90 days on the harassment conviction, both to be served consecutively to any other sentences. Petitioner was then returned to DOC custody on or about June 19, 2023.

Petitioner's revocation hearing was held on August 9, 2023, before Hearing Examiner Charles Fritz and Board Member Jack Daneri. At the hearing, a parole agent presented brief testimony and introduced two documents: (1) a two-page conviction and sentence summary from Luzerne County, and (2) a 20-page secure docket printout from the Unified Judicial System portal. (Certified Record (C.R.) at 26-37, 48, 50.) In response, Petitioner's counsel lodged a timeliness objection to the hearing and requested that the parole charges be dismissed. *Id.* at 38-39. More

_____

[1] As discussed *infra*, the parties dispute the timeline and location of Petitioner's custody between February 22, 2023, and June 7, 2023.

2

specifically, counsel argued that, because his revocation hearing was not held within 120 days of the date the Board received official verification of his conviction,[2] it was untimely. Counsel further argued, relying in part on this Court's decision in *Foley v. Pennsylvania Board of Probation and Parole*, 195 A.3d 630 (Pa. Cmwlth. 2018), that Petitioner's mere presence in a county prison did not remove him from the Board's jurisdiction because he was not at any time in county *confinement* serving a county *sentence*. Counsel further argued that, in any event, panel revocation hearings now can be conducted in county jails via videoconferencing technology. C.R. at 38-40; *see also* 61 Pa.C.S. § 6136(1), (2) (county prison officials must make incarcerated state parolees available to Board members for communication and/or observation purposes at reasonable times via remote access technology).

---

[2] Section 71.4 of the Board's regulations provides, in pertinent part, as follows:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the [DOC], such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution, where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, [] 314 A.2d 842 ([Pa.] 1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the [DOC] as of the date of the waiver.

. . . .

37 Pa. Code § 71.4(1)(i)-(ii).

The parole agent argued in response that, because Petitioner did not waive his right to a panel hearing, he remained in the custody of Luzerne County from the time of his conviction through the date of his return to DOC custody on June 19, 2023. Because Petitioner was not within the Board's jurisdiction for that entire period, the agent argued that the 120-day period did not begin to run until after June 19, 2023, rendering the hearing timely. *Id.* at 39-40. *See also id.* at 41 ("per our regulations and parole policy, we wait to hold panel revocation hearings until they're returned to state custody in the [DOC's] jurisdiction").

By decision recorded September 15, 2023, and mailed September 21, 2023 (Revocation Decision), the Board overruled Petitioner's timeliness objection, concluding that Petitioner was outside the Board's jurisdiction for the entire period between the date of his conviction, February 16, 2023, and June 19, 2023, when he returned to the DOC. (C.R. at 84; 114-15.) The Board further revoked Petitioner's parole and recommitted him as a convicted parole violator. *Id.*[3]

Petitioner, by counsel, timely filed an administrative remedies form with the Board, again challenging the timeliness of his revocation hearing. *Id.* at 119-20. Therein Petitioner argued that Board erred because Petitioner was at all times after May 18, 2022, in the jurisdiction of the Board and was only temporarily transported to Luzerne County on writ to attend his criminal proceedings. Again relying on this Court's decision in *Foley*, Petitioner argued that the Board did not lose jurisdiction over Petitioner during any temporary transports to the Luzerne County Prison. (C.R. at 120.) Accordingly, the 120-day period for conducting the revocation hearing commenced on February 16, 2023, the date of the Board's receipt of official verification of Petitioner's

---

[3] The merits of the Board's revocation and recommitment decisions are not before us.

conviction. Because it is undisputed that the hearing was held long after that period expired, Petitioner contended that the Board erred. *Id.*

By decision mailed May 13, 2024, the Board denied administrative relief, concluding that Petitioner's hearing was timely (Review Decision). The review panel acknowledged that 37 Pa. Code § 71.4(1) provides that, where a parolee does not waive his right to a panel hearing and is confined outside the jurisdiction of the DOC, a revocation hearing must be held within 120 days of the official verification of the parolee's return to the DOC's custody. However, rather than finding that Petitioner was outside the jurisdiction of the Board, the panel instead reasoned that Petitioner was "unavailable" under 37 Pa. Code § 71.5(c)(1):[4]

> [I]f a parolee is returned to an SCI before a conviction and is then transferred by writ to a county or federal correctional institution, the hearing must be held within 120 days of the date official verification [of the conviction] is received **(excluding any period he was not available)**[.] *Montgomery v. Pennsylvania Board of Probation and Parole*, 808 A.2d 999 (Pa. Cmwlth. 2003).] The record reflects that [Petitioner] was arrested on May 18, 2022[,] for new criminal charges in Luzerne County and the [DOC] lodged a warrant against him. He was subsequently returned to the [SCI] after being granted unsecured bail. On February 16, 2023, [Petitioner] was found guilty in the Luzerne County Court of Common Pleas . . . . That same day, supervision staff obtained official verification of the conviction. On February 22, 2023, [Petitioner] was served with notice of his revocation hearing while in Luzerne County Prison and he elected to have his hearing by panel. A panel revocation hearing was conducted 174 days later on August 9, 2023. In these circumstances, the excludable time

---

[4] Section 71.5(c)(1) of the Board's regulations provides that, "[i]n determining the period for conducting hearings under this chapter, there shall be excluded from the period[] a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following: (1) [t]he unavailability of a parolee or counsel." 37 Pa. Code § 71.5(c)(1).

occurs from February 16, 2023[,] to April 26, 2023 (69 days)[,] and from June 7, 2023[,] to June 19, 2023 (12 days)[,] when [Petitioner] left DOC custody while on writ in Luzerne County Prison. After subtracting the excludable time, the revocation hearing was held 93 days following [Petitioner's] conviction. (174 – 69 – 12 = 93). Thus, the revocation hearing is deemed timely.

(C.R. at 126) (emphasis in original).[5]

Petitioner now petitions for review in this Court.

## II. DISCUSSION[6]

### A. Issues and Arguments of the Parties

In this Court, Petitioner again argues that the Board failed to carry its burden to establish the timeliness of his revocation hearing. His argument is two-fold. He first argues that, because he was under the jurisdiction of the Board for the entirety of the period between February 16, 2023, and August 9, 2023, he cannot be deemed to have been "unavailable" under 37 Pa. Code § 71.5(c)(1), particularly because 61 Pa.C.S. § 6136(1) & (2) makes county-housed parolees available to the Board for revocation hearings. Petitioner secondly argues that, even if he is deemed to have been unavailable for the periods he was temporarily housed in Luzerne County Prison, the Board did not establish by a preponderance of *record* evidence the periods he allegedly was unavailable. Petitioner contends that the Board does not now get a second opportunity to carry its evidentiary burden, and, therefore, his parole violation charges must be dismissed.

---

[5] The Board's panel decision does not refer to any portions of the Certified Record to establish the accuracy of its referenced dates and locations of Petitioner's confinement.

[6] Our review in this instance is limited to determining whether the Board erred as a matter of law, made findings unsupported by substantial evidence in the record, or violated Petitioner's constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

6

The Board argues in response that, although the hearing technically was conducted more than 120 days after February 16, 2023, it nevertheless was timely because Petitioner was "unavailable" for hearing during the periods when he was transported on writ to the Luzerne County Prison. The Board concedes that the rationale supporting its initial decision overruling Petitioner's timeliness objection was incorrect, as Petitioner "never left the jurisdiction of the DOC[,] making the return exception under 37 Pa. Code § 71.4[(1)](i) inapplicable and rendering the date of official verification of conviction as the prompting event for purposes of a timeliness calculation." (Board Br. at 10.) The Board nevertheless, and conflictingly, goes on to argue that the periods during which Petitioner was housed on writ in the Luzerne County Prison to attend his trial and sentencing are periods during which he was "unavailable" pursuant to 37 Pa. Code § 71.5(c)(1) because the Board had no jurisdiction over Petitioner for those periods. (Board Br. at 10-11.) The Board contends that, of the 174 days between February 16, 2023, and August 7, 2023, the periods from February 16, 2023, to April 26, 2023 (69 days), and June 7, 2023, to June 19, 2023 (12 days), must be excluded from the timeliness calculation. Under the Board's analysis, the revocation hearing timely occurred within 93 days of countable time after February 16, 2023. (Board Br. at 11-12.)

Considered together, then, the parties arguments present two questions for our determination: (1) whether a parolee is "unavailable" for a revocation hearing during those periods when he or she is housed on writ in a county correctional facility to attend criminal proceedings; and (2) if so, whether the Board established by a preponderance of the evidence that Petitioner was unavailable from February 16, 2023, to April 26, 2023, and from June 7, 2023, to June 19, 2023.

7

## B. Principles of Law

Where a parolee challenges the timeliness of a parole revocation hearing, the Board carries the burden to prove by a preponderance of the evidence that the hearing was timely. *Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 33, 50 (Pa. Cmwlth. 2007). If the Board fails to carry that burden, the parole violations charges must be dismissed with prejudice. *Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017).

Because principles of due process require that parole revocation hearings be held within a reasonable time, *see Carr v. Pennsylvania Board of Probation and Parole*, 494 A.2d 1174, 1176-77 (Pa. Cmwlth. 1985) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)), the Board has promulgated regulations governing how and when such hearings must be conducted. Section 71.4(1) of the Board's regulations provides that 120 days from the date the Board receives official verification of a parolee's conviction is a reasonable period for conducting a revocation hearing, unless the parolee is "confined outside the jurisdiction of the [DOC], such as . . . *confinement in a county correctional institution* where the parolee has not waived the right to a revocation hearing by a panel . . . ." 37 Pa. Code § 71.4(1)(i) (emphasis provided).[7] In such circumstances, the revocation hearing must be conducted within 120 days of the date of the official verification of the parolee's return to DOC custody at an SCI. *Id.*[8] This exception is based on the principle that the 120-day period does not begin to run

---

[7] The Board may conduct a "panel hearing" by utilizing a two-person panel that consists of either two Board members or, as was the case here, a Board member and a hearing examiner. Section 6113(b) of the Prisons and Parole Code, 61 Pa.C.S. § 6113(b); 37 Pa. Code § 61.1 (definition of "panel"). *See also* 37 Pa. Code § 61.1 (defining "hearing examiner" as "[a] Board member or a representative of the Board who conducts interviews or hearings on behalf of the Board").

[8] Where a parolee confined in a county prison waives his or her right to a panel revocation hearing, the 120-day period begins to run from the date of the waiver. 37 Pa. Code § 71.4(1)(ii).

until the Board acquires jurisdiction over the parolee, which it does not have during the periods where the parolee is "confined" in a county prison. *Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 44, 50 (Pa. Cmwlth. 2007); *Hartage v. Pennsylvania Board of Probation and Parole*, 662 A.2d 1157, 1160 (Pa. Cmwlth. 1995); *Williams v. Pennsylvania Board of Probation and Parole*, 579 A.2d 1369, 1371 (Pa. Cmwlth. 1990). The exception applies notwithstanding the fact that, pursuant to 61 Pa.C.S. § 6136(1)-(3), the Board now has remote communication and observation access to county-confined state parolees. *See Lewis v. Pennsylvania Parole Board*, 333 A.3d 774, 777-78 (Pa. Cmwlth. 2025); *see also Ott v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 19 C.D. 2023, filed July 22, 2024), slip op. at 12-14 (Section 6136 allows access to county-confined parolees but does not confer jurisdiction to the Board to conduct panel revocation hearings remotely).[9]

However, the exception does not apply where a state parolee is housed in a county prison solely to attend his or her criminal proceedings. *Foley v. Pennsylvania State Board of Probation and Parole*, 195 A.3d 630, 632-34 (Pa. Cmwlth. 2018) (citing *Morgan v. Pennsylvania Board of Probation and Parole*, 814 A.2d 300 (Pa. Cmwlth. 2003), and *Montgomery v. Pennsylvania Board of Probation and Parole*, 808 A.2d 999 (Pa. Cmwlth. 2002)). Where a parolee is transferred for this reason and *not* to serve a county-imposed sentence, the parolee does not leave the jurisdiction of the Board even where physically housed in a county prison. *Foley*, 195 A.3d at 633-34. In such circumstances, the 120-day period for conducting a revocation hearing begins to run the day the Board receives the official verification of the parolee's conviction. *Id.*; 37 Pa. Code § 71.4(1).

---

[9] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive authority pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

## C.     Analysis

We begin with the second question presented because it is dispositive. Although the Board initially concluded in its Revocation Decision that it did not have jurisdiction over Petitioner for the entirety of the period between February 16, 2023, and June 19, 2023, that conclusion was both erroneous as a matter of law and unsupported by substantial evidence in the record.  Apparently recognizing this, the Board in its Review Decision correctly noted, under *Foley*, that Petitioner remained under the Board's jurisdiction for the entirety of the period between February 16, 2023, and June 19, 2023, because he was transported to the Luzerne County Prison only on writ to attend his criminal proceedings.  Because he immediately was released on unsecured bail after his preliminary arraignment and consistently was detained only on the Board's warrant, he never left the Board's jurisdiction.  (C.R. at 125.)  Thus, Petitioner's panel revocation hearing had to be conducted within 120 days of February 16, 2023, the date the Board received official verification of his conviction.  The hearing was held on August 9, 2023, 174 days later.  The Board nevertheless concluded, and argues again in this Court, that the hearing was timely because Petitioner was "unavailable" for a total of 81 days that he spent housed in Luzerne County Prison.  We disagree.

First, the Board in its brief cites chiefly to its Review Decision to establish the accuracy of the periods during which it contends Petitioner was unavailable.  (Board Br. at 4-5, 10-11; C.R. at 125-26.)  However, the Review Decision contains no citations to the Certified Record, and after our own exhaustive review, we cannot locate any portions of the record that substantiate the dates proffered by the Board.  Instead, it is undisputed only that (1) Petitioner was present in Luzerne County for his trial and

10

conviction, and the Board received official verification of the conviction on February 16, 2023; (2) Petitioner was still present in Luzerne County as of February 22, 2023, when he was visited by a parole agent and declined to waive his right to a panel revocation hearing; and (3) Petitioner was transported to Luzerne County for sentencing on June 7, 2023, and returned to the DOC's custody after sentencing on June 19, 2023. No other periods of Petitioner's presence in Luzerne County are established in the record.

For example, Petitioner's Supervision History does not indicate where and when Petitioner was housed other than noting that he (1) was transported back to DOC custody on May 19, 2022, after his preliminary arraignment and release on unsecured bail (C.R. at 26), (2) was visited by a parole agent in Luzerne County Prison on February 22, 2023, and (3) was sentenced on June 12, 2023. (C.R. at 26-27.) Likewise, although the secure criminal docket from the Luzerne County Court of Common Pleas includes the dates of Petitioner's conviction and bail revocation (C.R. at 53, 60), it does not establish precisely when Petitioner was transported to and from the Luzerne County Prison between his conviction and sentencing. The "Confinement Information" in the docket indicates only that Petitioner was housed at Luzerne County Prison beginning June 7, 2023, but contains no other documentation of Petitioner's whereabouts during the relevant period. (C.R. at 52.) Further, although the docket references transportation orders entered prior to Petitioner's conviction on September 29, 2022, November 1, 2022, and January 6, 2023, C.R. at 57, 58, 59, a request for transfer on April 11, 2023, and a subsequent transportation order on May 12, 2023, none of those entries establish the periods of alleged unavailability relied upon by the Board. (C.R. at 61-63.)[10]

---

[10] Because the jury could not reach a verdict on Count 2 of the criminal information, it was scheduled for a new trial in March 2023, which caused Petitioner's sentencing to be continued **(Footnote continued on next page…)**

Thus, even assuming that Petitioner could have been considered to be "unavailable" during the periods he was housed on writ in Luzerne County, which we need not and do not herein conclude,[11] the Board did not establish by a preponderance of *record* evidence that Petitioner was, in fact, housed in the Luzerne County Prison for 81 days between February 16, 2023, and August 9, 2023. At most, the record reflects that Petitioner was housed in Luzerne County from February 16, 2023, to February 22, 2023, and again from June 7, 2023, until June 19, 2023, a total of 18 days. Excluding that time from the relevant calculation, Petitioner's revocation hearing was still over 35 days late. We therefore must conclude that the Board's Review Decision is not supported by substantial record evidence, and we reverse it on that basis.

## III. CONCLUSION

Because we conclude that the Board failed to prove by a preponderance of the evidence that Petitioner's revocation hearing was timely held, we reverse the Board's decision mailed May 13, 2024, and dismiss Petitioner's parole violation charges with prejudice.

_____
PATRICIA A. McCULLOUGH, Judge

---

multiple times. (C.R. at 61-63.) Count 2 ultimately was *nolle prossed* by the Commonwealth. *Id.* at 61, 65.

[11] Given our disposition, we need not consider whether, as a matter of law, a parolee is "unavailable" pursuant to 37 Pa. Code § 71.5(c)(1) during periods in which the parolee is housed in a county correctional facility exclusively on a Board warrant. We nevertheless note that, because the Board has jurisdiction over a parolee during these periods, the jurisdictional conflict addressed by 37 Pa. Code § 71.4(1)(i) is absent. The Board therefore retains ultimate authority over the parolee's detention during these periods, which would suggest that they should be included in the calculation of the 120-day period under 37 Pa. Code § 71.4(1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frederick Leonard, : 
          Petitioner : 
           : 
     v. :   No. 641 C.D. 2024
           : 
Pennsylvania Parole Board, : 
          Respondent : 

## ***ORDER***

AND NOW, this 18th day of June, 2025, the Pennsylvania Parole Board's decision mailed May 13, 2024, is hereby REVERSED. It further is ordered that Petitioner Frederick Leonard's parole violation charges are DISMISSED, with prejudice.

 

_____

PATRICIA A. McCULLOUGH, Judge