**Eric C. MACK, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 1994.
Decided Jan. 12, 1995.

Al Flora, Jr., First Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before COLINS, President Judge, KELLEY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Eric Mack (petitioner) petitions for review of a denial of the Pennsylvania Board of Probation and Parole (Board) for administrative relief from an order recommitting him as a convicted parole violator. The salient issue is whether the 120–day period for a revocation hearing commences when a parolee is incarcerated in a county prison solely on the basis of a Board detainer.

■ Where a parolee asserts that the Board held a revocation hearing beyond the 120–day period, the Board bears the burden of proving, by a preponderance of the evidence, that it conducted the hearing in a timely manner. *Saunders v. Pennsylvania Board of Probation and Parole*, 130 Pa.Commonwealth Ct. 612, 568 A.2d 1370, *appeal denied*, 527 Pa. 620, 590 A.2d 760 (1990). If the Board fails to sustain its burden, the appropriate remedy is a dismissal of the parole violation charges with prejudice. *Taylor v. Pennsylvania Board of Probation and Parole*, 154 Pa.Commonwealth Ct. 462, 624 A.2d 225 (1993).

The undisputed facts are that the petitioner was arrested on new criminal charges while he was on parole. He was convicted and sentenced to the Philadelphia County prison until November 2, 1993. On November 12, the petitioner was returned to the State Correctional Institution at Graterford. The Board received copies of the petitioner's conviction on November 29, 1993.

On March 9, 1994, the Board conducted a parole revocation hearing and recommitted the petitioner as a convicted parole violator. The petitioner requested administrative relief based upon an allegation that the Board did not conduct the hearing in a timely manner, but the Board denied that request by letter dated July 7, 1994.

37 Pa.Code § 71.4(1)(i) provides, in relevant part, that if a parolee is confined in a county correctional institution "the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." The Board either conducted its hearing in a timely manner 117 days after the petitioner's return to the state institution or in an untimely manner 127 days after the termination of the petitioner's sentence in the county prison.

 Unreasonable and unjustifiable delays which are not attributable to the parolee or his counsel do not toll the running of the 120 days. *Williams v. Pennsylvania Board of Probation and Parole*, 134 Pa.Commonwealth Ct. 597, 579 A.2d 1369 (1990). Where a parolee is held at the county institution solely as a result of the Board's action, the Board is not warranted in delaying a revocation hearing until 120 days after the parolee's return to a state correctional facility. *Dobson v. Pennsylvania Board of Probation and Parole*, 41 Pa.Commonwealth Ct. 27, 398 A.2d 252 (1979). Furthermore, a parolee being held at a county institution as a result of Board action in the form of a detainer places the parolee within the Board's jurisdiction, and the Board must conduct a hearing within 120 days from the date which it acquires jurisdiction. *Murray v. Jacobs*, 99 Pa.Commonwealth Ct. 39, 512 A.2d 785 (1986).

The Board cites *Taylor* for the proposition that the 120–day period begins when the convicted parole violator is returned to the state facility, regardless of whether it has received official verification of a conviction. However, this Court more specifically held that the Board's acquisition of jurisdiction triggers the running of the 120–day period.

 Accordingly, because the Board did not conduct a revocation hearing within 120 days from the date which it acquired jurisdiction (November 2), we reverse the Board's denial of administrative relief and dismiss the parole violation charges against the petitioner with prejudice.

## ORDER

AND NOW, this 12th day of January, 1995, the decision of the Pennsylvania Board of Probation and Parole denying administrative relief, in the above-captioned matter, is reversed, and the parole violation charges are dismissed with prejudice.