# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Daniels,                    :
              Petitioner         :
                                 :   No. 520 C.D. 2023
        v.                        :
                                 :   Submitted: July 5, 2024
Pennsylvania Parole Board,     :
              Respondent     :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE LORI A. DUMAS, Judge

**OPINION BY**
**JUDGE DUMAS**                                  **FILED: October 4, 2024**

Michael Daniels (Petitioner), *pro se*, has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed April 21, 2023, denying his request for administrative relief. Petitioner challenges the timeliness of his parole revocation hearing. Upon review, we reverse and dismiss Petitioner's parole violation charges with prejudice.

## I. BACKGROUND[1]

Petitioner was serving a two and one-half to five-year sentence with a maximum sentence date of December 18, 2019. He was paroled on June 18, 2017, with 913 days of his original sentence remaining. On September 11, 2018, he was arrested for new criminal charges related to sexual contact with a minor and confined in Philadelphia County. On the same day that bail was set, the Board's detainer was

---

[1] Unless otherwise stated, we base the recitation of the facts on the Board's response, mailed April 21, 2023, to Petitioner's correspondence that was considered an administrative appeal. *See* Bd.'s Response, 4/21/23.

lodged against Petitioner. Petitioner remained confined pending the new charges past his original maximum sentence date. At the expiration of Petitioner's maximum sentence date, the Board lifted the detainer and found Petitioner delinquent for control purposes. Eventually, on February 21, 2020, after the Board's detainer was lifted, Petitioner posted bail and was released from custody.

On March 17, 2022, Petitioner was convicted of some of the offenses charged. The Board received official verification of Petitioner's conviction on April 1, 2022. Criminal Arrest and Disposition Report, 10/7/22, at 2. On June 29, 2022, Petitioner was sentenced to a term of county incarceration and paroled that same day. Petitioner was contacted by his parole agent on July 12, 2022, and informed that he had to turn himself in. Supervision History, 10/7/22, at 2. However, Petitioner did not surrender to the Board until August 9, 2022. *Id.*[2] At that time, the Board re-lodged its detainer and took custody of Petitioner.

The Board held a revocation hearing on November 10, 2022, and recommitted Petitioner as a convicted parole violator (CPV). The Board recalculated his maximum sentence date from December 18, 2019, to February 7, 2025.

Petitioner filed an administrative appeal, challenging the timeliness of the Board's revocation hearing. An administrative appeal panel affirmed the Board's decision, concluding that the hearing was timely held, and that Petitioner's

---

[2] The events in the period between Petitioner being contacted by his parole agent and turning himself in were recounted in the Supervision History, which was adopted by the Board. *See* Bd. Dec., 11/30/22, at 1; Supervision History, 10/7/22, at 2. Petitioner's state parole agent contacted him on July 12, 2022, and told Petitioner to turn himself in by July 14, 2022. Supervision History, 10/7/22, at 2. Petitioner failed to report and informed his parole agent that he was caring for his elderly mother. *Id.* Petitioner was then given until July 18, 2022, to report but failed to do so. *Id.* On July 20, 2022, a warrant was issued for Petitioner. *Id.* On July 26, 2022, Petitioner informed his parole agent that he had COVID-19 and would turn himself in when he recovered. *Id.* Thereafter, Petitioner turned himself in on August 9, 2022.

maximum sentence date was correctly calculated. Thereafter, Petitioner *pro se* petitioned this Court for review.[3]

## II. ISSUE

Petitioner raises a single issue for our review.[4] The parties dispute whether 37 Pa. Code § 71.4(1) or 37 Pa. Code § 71.4(1)(i) is the applicable regulation to determine whether Petitioner's revocation hearing was timely.

## III. DISCUSSION[5]

Petitioner asserts that the Board committed an error of law and violated his due process rights by failing to provide a timely revocation hearing. Pet'r's Br. at 13-14. Specifically, according to Petitioner, the Board must hold a revocation hearing within 120 days of receiving official verification of a parolee's conviction. *Id.* at 16-18, 22-23. Thus, Petitioner submits, the Board erred in reasoning that it had 120 days from the date that Petitioner returned to a state correctional facility. *Id.* In response, the Board maintains that the 120-day period did not begin until Petitioner was back in custody at a state correctional facility; thus, his revocation hearing was timely. Bd.'s Br. at 10-12.

"It has long been established that due process requires that parolees receive a hearing within a reasonable time after they are taken into custody for a parole violation." *Taylor v. Pa. Bd. of Prob. & Parole*, 931 A.2d 114, 117 (Pa. Cmwlth. 2007) (*en banc*) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). To satisfy due process, the Board has issued regulations concerning the timeliness of a

---

[3] Although Petitioner filed his petition for review *pro se*, his brief was prepared by counsel.

[4] In his petition, Petitioner also asserted that the Board improperly recalculated his maximum sentence date. Pet., ¶ 7. However, Petitioner does not address this issue in his brief. *See generally* Pet'r's Br. Thus, we decline to address it.

[5] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

parole revocation hearing. *See Lawson v. Pa. Bd. of Prob. & Parole*, 977 A.2d 85, 87 (Pa. Cmwlth. 2009) ("[d]etermining whether a revocation hearing was timely is a straightforward inquiry that is governed by Board regulation").

For example, when a parolee is convicted of a new criminal offense, the Board must hold a revocation hearing within 120 days from the date the Board received official verification of that disposition.[6] 37 Pa. Code § 71.4(1). The general rule is subject to the following, relevant exception:

> (i) If a parolee is confined outside the jurisdiction of the Department of Corrections [(DOC)], such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, [] 314 A.2d 842 ([Pa.] 1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

37 Pa. Code § 71.4(1)(i). "This [custodial exception] is based upon the principle that the 120[-]day period does not begin to run until the Board acquires jurisdiction over the parolee." *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 387 (Pa. Cmwlth. 2019) (citation omitted).

Once a parolee challenges the timeliness of a revocation hearing, the Board bears the burden to prove by a preponderance of the evidence that the hearing was timely. *Burno v. Pa. Bd. of Prob. & Parole*, 67 A.3d 1280, 1283 (Pa. Cmwlth. 2013). "If the Board does not present substantial evidence to establish the timeliness of a revocation hearing, the parole violation charges are dismissed with prejudice." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017)

---

[6] "Official verification" is defined as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code § 61.1.

4

(citation omitted). Additionally, when the Board fails to produce evidence that it had the burden to produce, it "does not have the right to a second hearing to make the case it should have made in the first instance." *Gair v. Pa. Bd. of Prob. & Parole*, 948 A.2d 884, 889 (Pa. Cmwlth. 2008); *see also Mack v. Pa. Bd. of Prob. & Parole*, 654 A.2d 129, 131 (Pa. Cmwlth. 1995) (reversing the decision of the Board and dismissing the parole violation charges with prejudice because the revocation hearing was untimely).

In finding that Petitioner's revocation hearing was timely, the Board interpreted its own regulations. We generally defer to the Board's interpretation provided it is consistent with statutory authority and not clearly erroneous. *Jackson v. Pa. Bd. of Prob. & Parole*, 885 A.2d 598, 601 (Pa. Cmwlth. 2005). Here, the Board interpreted 37 Pa. Code § 71.4(1)(i) to mean that it had 120 days from the date that Petitioner returned to state custody. However, this custodial exception applies only "[i]f a parolee is *confined* outside the jurisdiction of the [DOC] . . . ." 37 Pa. Code § 71.4(1)(i) (emphasis added). It is typically applicable in cases where the parolee is transferred to the DOC's custody after serving a period of incarceration in another jurisdiction.

For example, in *Dill v. Pennsylvania Board of Probation and Parole*, 186 A.3d 1040, 1042 (Pa. Cmwlth. 2018), a parolee was convicted of charges in federal court. Shortly after sentencing, the Board received official verification of the parolee's federal conviction. *Id.* at 1042. About 20 years later, the parolee was released from federal prison to the Board's detainer. *Id.* at 1043. The parolee's revocation hearing was held within 120 days of the parolee returning to a state correctional facility. *Id.* Upon review, this Court held that the hearing was timely because the parolee's federal confinement placed him outside of the DOC's jurisdiction. *Id.* at 1046; *see id.* at 1045 ("The Board's regulation is clear. So long

5

as a parolee is in federal custody, the Board's duty to hold a revocation hearing is deferred until the parolee is returned to state custody, regardless of when the Board received official verification of his new conviction.").

Similarly, in *Barnes*, 203 A.3d at 387, the official verification of a parolee's conviction preceded his return to a state correctional facility. However, the 120-day period commenced upon his return because the parolee had been confined in a county correctional institution. *See id.* (citing 37 Pa. Code § 71.4(1)(i)).[7] Therefore, the parole revocation hearing was timely.

Conversely, in the instant case, Petitioner was *not* confined in another jurisdiction. Rather, after receiving new charges, Petitioner was released from his pretrial detention on February 21, 2020. This was after his original maximum sentence expired on December 18, 2019. Thereafter, following his conviction, the trial court granted Petitioner credit for time served and immediately paroled him. Petitioner was not detained at this time and did not return to the DOC's custody until his surrender on August 9, 2022. The Board has not cited, and we are unaware of any case in which 37 Pa. Code § 71.4(1)(i) has applied under similar circumstances. We therefore conclude that it does not control here.

Absent an applicable exception, the general rule applies. Thus, the Board was required to establish that it held a revocation hearing within 120 days of receiving official verification of Petitioner's conviction. *Burno*, 67 A.3d at 1283; 37 Pa. Code § 71.4(1). It failed to do so in this case. Here, the Board received official verification of Petitioner's conviction on April 1, 2022. *See* C.R. at 21, 77. The revocation hearing was held 223 days later, on November 10, 2022. On this record,

---

[7] We note that "this regulation is not applicable where the parolee is at all times within the jurisdiction of the Board and is being held in a county institution, not at the request of the county authorities but at that of the Board itself." *Murray v. Jacobs*, 512 A.2d 785, 789 (Pa. Cmwlth. 1986) (cleaned up).

6

we are constrained to conclude that the Board was unable to prove that it timely held Petitioner's revocation hearing.[8]  Further, the Board is not entitled to a second opportunity to establish the timeliness of the hearing.  *See Gair*, 948 A.2d at 889.

## IV. CONCLUSION

In this case, the Board's interpretation of its regulations was clearly erroneous.  Here, the custodial exception set forth in 37 Pa. Code § 71.4(1)(i) is inapplicable because Petitioner was not confined outside the jurisdiction of the DOC.  Per the general rule, the Board was required to establish that it held a revocation hearing within 120 days of receiving official verification of Petitioner's conviction.  *See Burno*, 67 A.3d at 1283.  It did not.  Consequently, the Board's order is reversed, and Petitioner's parole violation charges are dismissed with prejudice.  *See Gair*, 948 A.2d at 889; *Brown*, 184 A.3d at 1025.

_____
**LORI A. DUMAS, Judge**

---

[8] The Board had confined its arguments to an erroneous interpretation of the custodial exception; it does not argue on appeal that the hearing was timely held within 120 days of receiving official verification of Petitioner's conviction.  *See* Bd.'s Br. at 7-12.  Nevertheless, for the sake of completeness, we note the following.  A revocation hearing that occurs beyond the 120-day period may be deemed timely if certain dates are excluded from the time calculation.  Most notably, dates are excluded when a delay is attributable to "[t]he unavailability of a parolee[.]" 37 Pa. Code § 71.5(c)(1).  In our review of the record, we discern that Petitioner may have been "unavailable" to the Board for 28 days – from July 12, 2022, when Petitioner's parole agent directed Petitioner to turn himself in, until August 9, 2022, when he eventually did so.  *See* Supervision History, 10/7/22, at 2 (detailing these events).  However, even excluding these 28 days, the revocation hearing was not timely.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Daniels,                 :

          Petitioner      :

                                  :    No. 520 C.D. 2023

        v.                :

                                  :

Pennsylvania Parole Board,     :

          Respondent   :

## **O R D E R**

AND NOW, this 4th day of October, 2024, the Pennsylvania Parole Board's order, entered on April 21, 2023, is REVERSED. Petitioner's parole violation charges are DISMISSED WITH PREJUDICE.

_____

**LORI A. DUMAS, Judge**