# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman McRae, : 
          Petitioner : 
       : 
      v. :   No. 22 C.D. 2025
       : 
Pennsylvania Parole Board, : 
          Respondent :   Submitted: March 3, 2026

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                FILED: April 8, 2026

Norman McRae (McRae) petitions this Court for review of a decision of the Pennsylvania Parole Board (Board) mailed December 24, 2024, which denied McRae's appeal of the Board's August 22, 2024 order to recommit him for a period of 12 months' incarceration following a parole violation. Finding that the Board did not err in its determination that McRae's parole revocation hearing was timely held pursuant to the requirements of 37 Pa. Code § 71.4, and further that McRae has waived his challenge to the calculation of credit for time served in confinement, we affirm the Board.

## I. BACKGROUND

McRae was sentenced in March of 2020 for Possession of a Controlled Substance and Criminal Use of a Communication Facility for an aggregate sentence of two to four years. Certified Record (C.R.) at 1. His minimum and maximum

sentence dates were January 31, 2021, and January 31, 2023, respectively.  *Id.*  Pursuant to a Board order issued October 7, 2020, McRae was paroled on February 2, 2021.  *Id.* at 7-8.

A Board warrant to commit and detain for parole condition violations was lodged against McRae on April 18, 2022, and on April 26, 2022, the Board held recommitment in abeyance and detained him in a community facility with a detention cap not later than October 18, 2022.  C.R. at 12-13.  The April 18, 2022 warrant was cancelled on August 1, 2022.  *Id.* at 15.

On January 31, 2023, McRae was arrested and charged with Possession with Intent to Deliver a Controlled Substance (PWID).  C.R. at 70.  In October 2023, McRae pleaded guilty to the PWID charge.  *Id.* at 30-33.  Following McRae's guilty plea, but prior to his sentencing, the Board lodged a Warrant to Commit and Detain McRae on January 4, 2024.  *Id.* at 19.  On February 29, 2024, he was sentenced to 12 to 36 months' incarceration, to be served at the State Correctional Institute (SCI) at Smithfield.  *Id.* at 34.

McRae's parole revocation hearing was held on August 6, 2024.  C.R. at 39.  At the hearing, McRae's parole officer stated that McRae's conviction was officially verified January 2, 2024, and McRae was confined at Lackawanna County Prison at the time of official verification.  *Id.* at 46-47.  He further stated that McRae declined to sign his notice of hearing provided to him on January 5, 2024, and McRae was returned to SCI Smithfield on June 4, 2024.  *Id.*

Following the hearing, the Board recorded a decision on August 22, 2024 (mailed August 28, 2024) recommitting McRae as a convicted parole violator (CPV) for 12 months and setting a parole violation maximum date of May 4, 2026.  C.R. at 79-80.  The Board denied McRae credit for time spent at liberty on parole,

2

explaining that he was convicted of a new crime that is the same or similar to the original offense, and that he continues to demonstrate unresolved drug and/or alcohol issues that warrant the denial of credit. *Id.* On September 9, 2024, the Board received McRae's Administrative Remedies Form challenging the timeliness of his parole revocation hearing and the Board's decision not to award him credit for time spent at liberty on parole. *Id.* at 85-86. The Board denied administrative relief by response mailed December 24, 2024. *Id.* at 96-96. McRae subsequently filed the instant appeal from the Board's December 24, 2024 decision.

## II. ISSUES[1]

On appeal,[2] McRae argues that his revocation hearing was untimely under 37 Pa. Code § 71.4. He contends that he entered the jurisdiction of the Board on March 14, 2024, rather than his June 4, 2024 return to SCI Smithfield. In support, he points to the criminal docket for his new charges, which indicate a "Court Commitment State or County Correctional Institution" on March 14, 2024. C.R. at 77. He also cites *Mack v. Pennsylvania Board of Probation and Parole*, 654 A.2d 129 (Pa. Cmwlth. 1995), in support of his contention that he entered the Board's jurisdiction prior to June 4, 2024. McRae further contends that the Board abused its discretion by failing to award him backtime credit for certain periods he spent confined pursuant to Board warrants.

---

[1] McRae had initially challenged the Board's decision not to award him credit for time spent at liberty on parole in good standing. However, in his brief, McRae concedes that there is no basis to appeal such decision, citing *Pittman v. Pennsylvania Board of Probation & Parole*, 137 A.3d 572 (Pa. 2017)—therefore, we treat that issue as abandoned. *See* Petitioner's Brief at 14.

[2] Our review of a Board decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

The Board responds that McRae's revocation hearing was timely under 37 Pa. Code § 71.4, and that it properly determined that McRae entered the Board's jurisdiction for the purpose of the 120-day requirement when he returned to SCI Smithfield on June 4, 2024. The Board contends that *Mack*, cited by McRae, is distinguishable. The Board further submits that McRae waived his claim that the Board miscalculated or failed to award him time credit for certain periods of confinement by failing to raise this claim in his administrative appeal.

### III. DISCUSSION

We turn first to the issue of the timeliness of McRae's parole revocation hearing. 37 Pa. Code § 71.4 prescribes the time requirement for parole revocation hearings. It provides:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:
>
> (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.
>
> (ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

4

37 Pa. Code § 71.4. "When a parolee asserts that the Board held a revocation hearing beyond the 120-day period, the Board bears the burden of proving by a preponderance of the evidence, that the hearing was timely." *Vanderpool v. Pennsylvania Bd. of Prob. & Parole*, 874 A.2d 1280, 1283 (Pa. Cmwlth. 2005).

Here the facts evident from McRae's parole revocation hearing were sufficient to establish by a preponderance of the evidence that such hearing was timely pursuant to 37 Pa. Code § 71.4(1)(i). We find that McRae reentered the Board's jurisdiction, and therefore the 120-day period began to toll, on June 4, 2024, upon his return to SCI Smithfield, rather than on March 14, 2024, as McRae contends. McRae points to an entry in the docket for his new charges which reads "Court Commitment State or County Correctional Institution" on March 14, 2024, to support his contention that he was released to the Board's detainer on such date. However, the docket also has entries for "Penalty Assessed" and "Itemized Account of Fines, Costs, Fees, and Restitution" on that same date. Accordingly, such date represents the administrative entry of his sentence into the docketing system,[3] rather than a date at which he was released to the Board's detainer or otherwise fell under the Board's jurisdiction.[4]

McRae cites to *Mack* to support his contention that he was under the jurisdiction of the Board while confined at Lackawanna County Prison, arguing that

---

[3] As submitted by the Board in its brief, this entry appears to be entered pursuant to completion by the trial court of its statutory duties under 42 Pa.C.S. § 9764(b). *See* Respondent's Br. at 11.

[4] Further, we note that McRae had 31 days remaining to reach his minimum date on his new charges as of his February 29, 2024 sentencing, so he would not reach his *minimum* date until at least March 30, 2024 on his sentence for the new charges. *See* C.R. at 34 (McRae was sentenced to 12 to 36 months on his new charges with 334 days of credit for time served, leaving an outstanding balance of 31 days prior to reaching his minimum date). There is nothing in the record to suggest that McRae was paroled from his new sentence or otherwise released to the Board's detainer at any time prior to his June 4, 2024 transfer to an SCI. Therefore, the record does not support McRae's contention that he was released to his detainer on March 14, 2024.

5

he was detained on the Board's warrant and therefore under the Board's jurisdiction. However, the Board argues that *Mack* is distinguishable, and we agree. In *Mack*, a parolee was held in county confinement following completion of a county sentence on the sole basis of a Board warrant. The Court determined that after completion of his sentence, the parolee was under the Board's jurisdiction when he remained in county confinement on the sole basis of the Board's warrant. Here instead, McRae was in county confinement pending transfer to SCI Smithfield to serve his sentence of incarceration for his new conviction. We decline to extend our holding in *Mack* to the distinguishable fact pattern before us. Rather, we follow 37 Pa. Code § 71.4 as written and find that McRae first entered the Board's jurisdiction when he was transferred to SCI Smithfield on June 4, 2024.[5] Therefore the Board did not err in finding that McRae's August 6, 2024 revocation hearing was timely as it was 63 days after he was transferred to SCI Smithfield.

We proceed next to the issue of whether McRae's claim regarding credit for certain time he spent in confinement is waived. 2 Pa.C.S. § 703 governs the scope of review for appeals from decisions of Commonwealth agencies. It provides:

> **(a) General rule.--**A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

---

[5] McRae did not enter the Board's jurisdiction while in county confinement under 37 Pa. Code § 71.4(1)(ii) as he did not waive his right to a hearing when provided with the hearing notice by the Board on January 5, 2024.

6

2 Pa.C.S. § 703(a). Indeed, "[i]t has been the holding of this court that issues not raised by a CPV before the Board in an administrative appeal are waived for purposes of appellate review by this court." *McCaskill v. Pennsylvania Bd. of Prob. & Parole*, 631 A.2d 1092, 1094–95 (Pa. Cmwlth. 1993). Here, McRae's administrative appeal to the Board challenged only the timeliness of his parole revocation hearing and the Board's decision not to award him credit for time spent at liberty on parole. However, McRae did not challenge the calculation of credit for time served in confinement in his administrative appeal. Therefore, this issue is waived.

### IV. CONCLUSION

For the foregoing reasons, the Board's December 24, 2024 decision is affirmed.

_____
MATTHEW S. WOLF, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman McRae,                      :
                Petitioner       :
                                    :
           v.                     :    No. 22 C.D. 2025
                                    :
Pennsylvania Parole Board,       :
                Respondent     :

## O R D E R

AND NOW, this 8th day of April 2026, the December 24, 2024 decision of the Pennsylvania Parole Board is AFFIRMED.

 

_____

MATTHEW S. WOLF, Judge